IN RE: SAMSUNG TOP–LOAD WASH-
ING MACHINE MARKETING,
SALES PRACTICES AND PROD-
UCTS LIABILITY LITIGATION

MDL No. 2792

United States Judicial Panel on
Multidistrict Litigation.

October 4, 2017

Before SARAH S. VANCE, Chair,
MARJORIE O. RENDELL, CHARLES
R. BREYER, LEWIS A. KAPLAN,
ELLEN SEGAL HUVELLE, R. DAVID
PROCTOR, CATHERINE D. PERRY,
Judges of the Panel.

### TRANSFER ORDER

SARAH S. VANCE, CHAIR

**Before the Panel:**\* Common defendants
Samsung Electronics America, Inc., and
Samsung Electronics Co., Ltd. (collective-
ly, Samsung), together with defendants
Best Buy Co., Inc., Lowe's Home Centers,
LLC, and Sears Holdings Corporation,
move under 28 U.S.C. § 1407 to centralize
this litigation in the Western District of
Oklahoma. This litigation currently con-
sists of 24 actions pending in 20 districts,
as listed on Schedule A. Since the filing of
the motion, the Panel has been notified of
two related actions.[1] This litigation arises

---

\* One or more Panel members who could be
members of the putative classes in this litiga-
tion have renounced their participation in

these classes and have participated in this
decision.

1. The related actions are pending in the
Northern District of Illinois and the District

from allegations that certain Samsung top-load washing machines have design and manufacturing defects that may cause machine parts to detach, break apart, or explode during the spin cycle, and that a voluntary recall issued in November 2016 fails to provide adequate relief to consumers.

All responding parties support centralization, but there is some disagreement on the transferee district and whether one action focused on the drain pump component (*Wagner*) should be included in the proposed MDL. Defendant The Home Depot supports transfer of all actions on the motion, including *Wagner*, to the Western District of Oklahoma. Plaintiffs in 20 actions represented by shared counsel support centralization in the Western District of Oklahoma or, alternatively, the Southern District of Texas or Eastern District of California. They further assert that *Wagner* should be excluded, arguing that it concerns a categorically different defect. Plaintiffs in the four remaining actions on the motion—*Wagner, Moore, Troyan,* and *Cooper*—support centralization in the District of New Jersey or, alternatively, the Southern District of New York.[2] They assert *Wagner* should be included, arguing that it involves the same Samsung washing machine models as the actions on the motion, and common causation issues are likely to arise in all actions. In their reply brief, the moving defendants assert that the *Wagner* complaint alleges many of the same design flaws and malfunction issues as the actions on the motion and, thus, should be included.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions share complex factual questions arising from allegations that Samsung top-load washing machines subject to a voluntary recall issued November 4, 2016,[3] suffer from design and manufacturing defects that manifest during the spin cycle and cause components, such as the top and drain pump, to detach, break apart, or explode. The shared factual questions include: (1) Samsung's design, testing, and manufacturing of the recalled washing machines; (2) whether defendants knew or should have known of the alleged defects; and (3) the adequacy of the recall. These common issues clearly are raised by *Wagner*, which alleges many of the same design flaws as the other actions,[4] involves the same washing machine models, and presents overlapping issues concerning the adequacy of the recall remedy. Thus, *Wagner* will be included in the MDL. Additionally, there is substantial overlap in the putative nationwide and statewide classes in these actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve

---

of Maine. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

**2.** In the event those districts are not available, they suggest the Eastern District of Pennsylvania, the Southern District of Florida, and the Central District of California.

**3.** *See* Voluntary Recall of Certain Top–Load Washers (Nov. 4, 2016) (available at: https://pages.samsung.com/us/tlw/index.html).

**4.** For example, *Wagner* alleges that the drain pump detaches because "the Washing Machines vibrate excessively," and the motor components are "too powerful" for the machines, resulting in high stress concentrations and breakage. *See, e.g., Wagner* Compl. ¶¶ 2, 6–7, 32. Plaintiffs in the actions alleging risk of explosion assert the same design defects.

the resources of the parties, their counsel, and the judiciary.

 We conclude that the Western District of Oklahoma is an appropriate transferee district for this litigation. This district provides a convenient and accessible forum for actions filed throughout the country regarding products sold nationwide. Plaintiffs in 20 actions on the motion and all defendants support this district, where four actions are pending. This district also is centrally located relative to the geographically dispersed domestic defendants, which have their headquarters in Georgia, Illinois, New Jersey, Minnesota, and North Carolina. Defendant Samsung Electronics Co., Ltd., located in South Korea, also supports this district. Judge Timothy D. DeGiusti, to whom we assign this litigation, is an experienced jurist, and we are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Oklahoma are transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Timothy D. DeGiusti for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

MDL No. 2792—IN RE: SAMSUNG TOP–LOAD WASHING MACHINE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

### Central District of California

ALLEN v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:17–03602

MADRID v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 5:17–00203

### Eastern District of California

RAABE v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:17–00946

### District of Delaware

LANE v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 1:17–00371

### Southern District of Florida

COOPER v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 0:17–61022

### Northern District of Georgia

KELLAS v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 1:17–01232

### Western District of Kentucky

JACOBS v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 3:17–00272

### Western District of Louisiana

SORIA v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:17–00195

### Western District of Michigan

HINKHOUSE v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 2:17–00039

### District of Minnesota

ANDERSON v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 0:17–01569

### District of Nebraska

MULFORD v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL., C.A. No. 4:17–03017

District of New Jersey

MOORE, ET AL. v. SAMSUNG ELEC-
TRONICS AMERICA, INC., ET AL.,
C.A. No. 2:16–04966

Eastern District of New York

FRAKER v. SAMSUNG ELECTRON-
ICS AMERICA, INC., ET AL., C.A.
No. 2:17–02353

Southern District of New York

MIKRUT v. SAMSUNG ELECTRON-
ICS AMERICA, INC., ET AL., C.A.
No. 1:17–01525

Middle District of North Carolina

BRADLEY v. SAMSUNG ELEC-
TRONICS AMERICA, INC., ET AL.,
C.A. No. 1:17–00171

Western District of Oklahoma

WELLS, ET AL. v. SAMSUNG ELEC-
TRONICS AMERICA, INC., ET AL.,
C.A. No. 5:17–00046

MENZER v. SAMSUNG ELECTRON-
ICS AMERICA, INC., ET AL., C.A.
No. 5:17–00409

SEWELL v. SAMSUNG ELECTRON-
ICS AMERICA, INC., ET AL., C.A.
No. 5:17–00434

HANSEN v. SAMSUNG ELECTRON-
ICS AMERICA, INC., ET AL., C.A.
No. 5:17–00513

Eastern District of Pennsylvania

WAGNER v. SAMSUNG ELECTRON-
ICS AMERICA, INC., ET AL., C.A.
No. 2:16–03623

Western District of Pennsylvania

TROYAN v. SAMSUNG ELECTRON-
ICS AMERICA, INC., ET AL., C.A.
No. 2:16–01873

District of South Carolina

SANDA, ET AL. v. SAMSUNG ELEC-
TRONICS AMERICA, INC., ET AL.,
C.A. No. 6:17–00988

Southern District of Texas

ZAMORA v. SAMSUNG ELECTRON-
ICS AMERICA, INC., ET AL., C.A.
No. 7:17–00154

Western District of Texas

PRONSTROLLER, ET AL. v. SAM-
SUNG ELECTRONICS AMERICA,
INC., ET AL., C.A. No. 5:17–00163